410 So.2d 1190 (1982)
Stephen C. JONES, Plaintiff-Appellee,
v.
MFA MUTUAL INSURANCE CO. et al., Defendants-Appellants.
No. 8629.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1982.
*1191 Lunn, Irion, Switzer, Johnson & Salley, Harry Johnson, Jr., Shreveport, for defendants-appellants.
Davis & Simmons, Kenneth N. Simmons, Many, for plaintiffs-appellees.
Watson, Murchison, Crews, Arthur & Corkern, Ronald E. Corkern, Natchitoches, Mayer, Smith & Roberts, George T. Allen, Shreveport, John Williams, Brittain & Williams, Joe P. Williams, Natchitoches, for defendant-appellee.
Before CULPEPPER, FORET and CUTRER, JJ.
FORET, Judge.
Stephen C. Jones (Plaintiff) brought this tort action to recover damages for personal injuries suffered by him in a one-vehicle accident. Named defendants are: Bonnie *1192 T. Williams, Jr. (Williams), the driver of the vehicle, and his automobile public liability insurer, State Farm Mutual Automobile Insurance Company (State Farm); MFA Mutual Insurance Company (MFA), the automobile public liability insurer of Bobby Goss, the owner of the vehicle; and, United States Fidelity & Guaranty Company (USF&G), plaintiff's own automobile public liability insurer.
Edna Lee Jones Oswalt (intervenor) intervened in these proceedings bringing a wrongful death action, on her own behalf, and a survival action on behalf of her son, Luther Thomas Jones (decedent), who died as a result of injuries received in the accident. Williams, State Farm, MFA and Standard Fire Insurance Company of Alabama (Standard), decedent's automobile public liability insurer, were named defendants in intervention.[1]
Trial of plaintiff's action and the intervention resulted in a judgment: in favor of plaintiff and against MFA in the sum of $10,000.00; in favor of plaintiff and against State Farm and Williams, in solido, in the amount of $20,000.00; and, in favor of plaintiff and against USF&G in the amount of $229.54. The trial court further rendered judgment: in favor of intervenor and against MFA in the amount of $10,000; in favor of intervenor and against State Farm and Williams, in solido, in the amount of $20,000.00; and, in favor of intervenor and against Williams in the amount of $33,041.53.
State Farm, the only defendant to appeal, brings this suspensive appeal from that portion of the trial court's judgment rendered against it. The judgment is final as to the other defendants. State Farm raises the following issues:
(1) Whether the trial court committed an error of law in allowing the two State Farm automobile public liability policies issued to defendant, Williams, to be stacked in order to apply the total amount of the policy limits to the damage awards to plaintiff and intervenor;
(2) Whether the trial court abused its "much discretion" in making its general damage award to plaintiff.
Plaintiff and intervenor answered the appeal alleging, in the alternative, that, if we should decide to reverse or amend the trial court judgment in any respect, then we should find that State Farm entered into a compromise and settlement with them. Further answering, in the alternative, plaintiff and intervenor alleged that if we should find that State Farm did not enter into a compromise and settlement with them, then we should find that State Farm entered into a compromise and settlement with its insured, Williams.

FACTS
Plaintiff and decedent were passengers in a 1974 GMC van, owned by Bobby Goss, and being driven by Williams, on February 20, 1980. At approximately 10:34 a.m. on that date, the van was headed north on La. 35 and was approximately 8 miles south of Kaplan, in Vermilion Parish, when Williams lost control and it left the highway. It traveled some 366 feet after leaving the highway, then struck an embankment and became airborne for another 71 feet before coming to rest upside down.
After the accident, plaintiff remained partially in the vehicle with his right leg trapped underneath it and suffered severe injuries to his right ankle. Decedent had been ejected from the vehicle and was lying unconscious on the ground with severe, and subsequently fatal, head injuries. Emergency aid arrived on the scene within about *1193 15 minutes of the accident, and plaintiff and decedent were taken by ambulance to Abrom Kaplan Memorial Hospital. Because of the extent of their injuries, they were immediately transferred to Lafayette General Hospital for treatment. Decedent expired two days later in that facility.
The trial court found that the sole, proximate cause of the accident was the negligence of Williams, and no issue concerning that finding has been raised on appeal.

"STACKING" OF AUTOMOBILE PUBLIC LIABILITY COVERAGES
The evidence indicates that State Farm had issued two automobile liability insurance policies to Williams, prior to the accident, providing coverage for two vehicles owned by him. Limits of liability set by each policy for bodily injury sustained by other persons were $10,000.00 per person or $20,000.00 per accident. Policy condition number 9 provides:
"POLICY CONDITIONS
9. Other Insurance. Under Coverages A, B, D, F, G and R with respect to any liability or loss to which this and any other automobile insurance policy issued to the named insured by the company also applies, the total limit of the company's liability under all such policies shall not exceed the highest applicable limit of liability under any one such policy.
Subject to the above paragraph, if the insured has other insurance against liability or loss covered by this policy, the company under coverages A, B, D, F and G, shall not be liable for a greater proportion of such liability or loss than the applicable limit of liability bears to the total applicable limit of liability of all collectible insurance against such liability or loss." (Exhibit P-1, page 13)."
The trial court concluded, "... that Louisiana law would not give effect to those provisions and, therefore, allows stacking of the policy limits of the two (2) policies herein". The trial court then cited a number of cases from the Louisiana jurisprudence concerning the stacking of uninsured motorists coverages and found, "... no valid reason has been shown why they should not be extended by analogy to this case, dealing with automobile liability insurance coverage".
State Farm contends that the trial court committed an error of law in allowing the stacking of the automobile liability coverages of its two policies. We agree.
Absent conflict with statute or public policy, insurers may, by unambiguous and clearly noticeable provisions, limit liability and impose such reasonable conditions as they wish upon the obligations they assume by contract. Livingston Parish School Board v. Fireman's Fund American Insurance Company, 282 So.2d 478 (La. 1973); Breaux v. St. Paul Fire & Marine Insurance Co., 326 So.2d 891 (La.App. 3 Cir. 1976). In these circumstances, unambiguous provisions limiting liability must be given effect. Breaux v. St. Paul Fire & Marine Insurance Co., supra; Snell v. Stein, 261 La. 358, 259 So.2d 876 (1972), and authorities cited therein.
We find no conflict between policy condition number 9 and any statute or public policy of this State. In fact, the legislature has specifically overruled most of the cases referred to by the trial court by means of LSA-R.S. 22:1406(D)(1)(a), which prohibits the stacking of uninsured motorists coverages in most instances.
It has been held that where a single policy provides liability coverage for two vehicles, for which two premiums are charged, the liability coverages may not be stacked. See Hurston v. Dufour, 292 So.2d 733 (La.App. 1 Cir. 1974), writ denied, 295 So.2d 178 (La. 1974); Arado v. Central National Insurance Company of Omaha, 337 So.2d 253 (La.App. 4 Cir. 1976), application not considered, 339 So.2d 19 (La.1976).
The trial court also found that the second paragraph of policy condition number 9 providing for a proration of insurance coverage had the effect of allowing coverage under only one of the policies. Thus, it *1194 found the provisions of this paragraph to be unenforceable. We fail to see how the trial court derives this meaning from that paragraph.
The second paragraph clearly deals with the following two situations. First, where the insured has overlaping coverage provided by a State Farm automobile insurance policy and some other type of policy issued by State Farm. Second, where an insured has overlaping coverage provided by a State Farm automobile insurance policy and any other policy issued by another insurance company. In any event, we have already found that it is permissible for State Farm to provide in its policies that an insured, having two or more policies of automobile liability insurance issued by it, may be restricted to recovering under the policy having the highest limits of liability.
Plaintiff and intervenor cite a provision from the State Farm policies, which provides, in pertinent part, that:
"When certified as proof of future financial responsibility under any motor vehicle financial responsibility law and while such proof is required during the policy period, this policy shall comply with such law if applicable, to the extent of the coverage and limits required thereby; but not in excess of the limits of liability stated in this policy..."
They contend that this reference to the "financial responsibility laws", and the former jurisprudence holding that "other insurance" provisions relating to the proration of uninsured motorists coverages were unenforceable, somehow compels a finding that stacking of automobile liability insurance coverages should be allowed. However, we note that LSA-R.S. 32:900 defining a "motor vehicle liability policy" for purposes of the safety responsibility law specifically provides in part (I) thereof that:
"Any motor vehicle liability policy may provide for the prorating of the insurance thereunder with other valid and collectible insurance".
There is no merit to the contention raised by the plaintiff and intervenor.
We find that the maximum amount which may be recovered from State Farm is $20,000.00 in the proportion of $10,000.00 for plaintiff and $10,000.00 for intervenor.

QUANTUM
State Farm contends that the trial court abused its "much discretion" in awarding plaintiff $30,229.54 in damages. State Farm does not raise any dispute concerning the amount claimed by plaintiff in special damages, which totalled $10,229.54, but only the amount awarded for general damages. The trial court's judgment lumped together its award for general damages with the award for special damages. Thus, plaintiff was awarded $20,000.00 for general damages.
LSA-C.C. Article 1934(3) provides that in the assessment of general damages "much discretion" must be left to the trial judge or jury. Reck v. Stevens, 373 So.2d 498 (La. 1979).
The Louisiana Supreme Court, in Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1976), stated on page 335:
"We do reemphasize, however, that before a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award. Anderson v. Welding Testing Laboratory, Inc. [304 So.2d 278 (La.)], supra; Bitoun v. Landry [302 So.2d 278 (La.)], supra; Fox v. State Farm Mutual Automobile Ins. Co. [288 So.2d 42 (La.)], supra; Walker v. Champion [288 So.2d 44 (La.)], supra. Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. Bitoun v. Landry, supra; Spillers v. Montgomery Ward & Company, Inc. [294 So.2d 803 (La.)], supra. It is never appropriate for a Court of Appeal, having found that the trial court has abused its discretion, simply to decide what it considers an appropriate *1195 award on the basis of the evidence."
State Farm cites a number of cases in its brief which it contends indicate a clear abuse of discretion by the trial court. These cases concern actions brought by plaintiffs with injuries somewhat similar to those suffered by plaintiff in this case.
However, the initial inquiry must always be directed at whether the trier court's award for the particular injuries and their effects upon this particular injured person is a clear abuse of the trier of fact's "much discretion", LSA-C.C. Article 1934(3), in the award of damages. Reck v. Stevens, supra.
The evidence shows that after the accident, plaintiff remained conscious during the entire time that his right leg was pinned beneath the vehicle. Plaintiff testified that he experienced severe pain during this period of time, and until he reached the hospital in Kaplan where medication was administered. His medical records show the frequent administration of potent narcotics (Morphine Sulfate, Percodan and Mepergan Fortis) in an attempt to alleviate his suffering during the eight days he remained hospitalized in Lafayette. Plaintiff was then required to wear a cast stretching from his toes to his knee on his right leg for two-and-a-half months and to use crutches while walking.
Dr. James Lafleur, the orthopedic surgeon who repaired the fracture to plaintiff's right ankle, testified that plaintiff could expect to experience occasional discomfort in the future. He expected plaintiff to develop post traumatic arthritis in his ankle. Dr. Lafleur was reluctant to assign a percentage disability to plaintiff, but when pressed, he estimated it to be in the vicinity of a 15% impairment to the foot. He explained that the foot accounts for 80% of the function of the leg.
We find no clear abuse of the trial court's "much discretion" in awarding plaintiff $20,000.00 in general damages. The cases cited by State Farm contain general damage awards ranging between $15,000.00 and $17,500.00 to persons suffering injuries similar to plaintiff's.

ANSWER TO APPEAL
Plaintiff and intervenor (appellees) contend that a valid compromise and settlement had been reached between State Farm and themselves, by which State Farm agreed to pay plaintiff $20,000.00 and intervenor $20,000.00. They point to the following minute entry and argue that it constitutes a judicial admission in open court of the settlement. That minute entry dated October 27, 1980, reads:
"Matter having been fixed for today. All parties being represented. Mr. Kenneth N. Simmons moved, that subject to tentative agreement the matter be upset without refixing and the court so ordered. Mr. Johnson stated to the court that they had reached an agreement on all phases of the case."
Harry A. Johnson, Jr. was counsel of record for State Farm. By letter dated November 7, 1980, he notified all other counsel of record that State Farm refused to issue drafts pursuant to the agreement because the amounts were in excess of its contractual liability under the policies issued by it.
Appellees alleged that the settlements were reduced to writing, but there is no evidence in the record of any such written agreements. LSA-C.C. Article 3071[2] requires *1196 such contracts to be reduced into writing.
Bourgeois v. Franklin, 389 So.2d 358 (La. 1980) had occasion to decide the following issue:
"In a tort suit, where the attorneys for plaintiff and defendant, ostensibly with the assent of their respective clients, recite in open court the fact and amount of a compromise settlement without having reduced it to writing, may one of the parties thereafter enforce the settlement?
. . . . .
We hold that what took place in this case was an attempt at compromise and that it was not effective because not in writing as required by Civil Code Article 3071."
Certainly, in the action before us, the same result is indicated. This result is further indicated by the fact that here the terms of the settlement were not dictated into the record and, as can be seen from the minute entry, counsel for appellees, himself, characterized the agreement as being "tentative".
We find that no valid settlement or compromise was entered into between appellees and State Farm.
Finally, appellees contend that State Farm entered into an agreement with its insured and that this agreement gave rise to a "stipulation pour autrui" in their favor within the meaning of LSA-C.C. Article 1890. There is no evidence of any such agreement in the record. We find no merit to this contention.
For the above and foregoing reasons, the judgment of the trial court is amended to read as follows, and affirmed as amended.
Judgment is rendered herein:
I. In favor of plaintiff, Stephen C. Jones, and against the defendant insurer, MFA Mutual Insurance Company, for the full and true sum of Ten Thousand and No/100 ($10,000.00) Dollars; in favor of Stephen C. Jones and against the defendant insurer, State Farm Automobile Insurance Company, and the defendant Bonnie T. Williams, Jr., in solido, for the full and true sum of Ten Thousand and No/100 ($10,000.00) Dollars; in favor of Stephen C. Jones and against the defendant, Bonnie T. Williams, Jr., for the full and true sum of Ten Thousand and No/100 ($10,000.00) Dollars; and, in favor of Stephen C. Jones and against the defendant insurer, United States Fidelity & Guaranty Company, for the full and true sum of Two Hundred Twenty-Nine and 54/100 ($229.54) Dollars, with legal interest on all the said amounts from date of judicial demand until paid; and for all costs, the costs to be prorated among the said defendant insurers;
II. In favor of intervenor, Edna Lee Jones Oswalt, and against the defendant insurer, MFA Mutual Insurance Company, for the full and true sum of Ten Thousand and No/100 ($10,000.00) Dollars; in favor of Edna Lee Jones Oswalt and against the defendant insurer, State Farm Mutual Automobile Insurance Company, and the defendant, Bonnie T. Williams, Jr., in solido, for the full and true sum of Ten Thousand and No/100 ($10,000.00) Dollars; and, in favor of Edna Lee Jones Oswalt and against the defendant, Bonnie T. Williams, Jr., for the full and true sum of Forty-Three Thousand Forty-One and 53/100 ($43,041.53) Dollars, with legal interest on all the said amounts from date of judicial demand until paid.
All costs of this appeal are assessed one-half against State Farm Mutual Automobile Insurance Company and one-half against plaintiff, Stephen C. Jones, and intervenor, Edna Lee Jones Oswalt.
AFFIRMED AS AMENDED.
NOTES
[1] Standard filed declinatory and dilatory exceptions on the following grounds: that the trial court lacked in personam jurisdiction over it; insufficiency of service of process; it was not licensed to do, nor doing business in the State of Louisiana, nor had it appointed an agent for service of process in this State; that the Secretary of State of the State of Louisiana was not its agent for service of process; that Sabine Parish was not a proper venue; and, that intervention was not the proper manner for intervenor to enforce her claim. The trial court overruled the exceptions. Standard filed an application for writs to this Court which was granted. It is no longer a party to this lawsuit.
[2] "Art. 3071. Transaction or compromise, definition

Art. 3071. A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be reduced into writing."
NOTE: (By Act # 782 of the regular session, 1981, the Louisiana Legislature amended Article 3071. However, the effective date of the act was July 28, 1981, and judgment in this case being signed on June 4, 1981, the amendment does not have any effect in this case.)