486 So.2d 251 (1986)
Susan B. ROY, Plaintiff-Appellee,
v.
COMMERCIAL UNION INSURANCE COMPANY, Defendant-Appellant.
No. 85-99.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1986.
*252 Elizabeth E. Foote, Alexandria, for defendant-appellant.
Darrel D. Ryland, Alexandria, for plaintiff-appellee.
Before GUIDRY, FORET and HOOD[*], JJ.
FORET, Judge.
This is a suit for personal injuries arising out of an automobile accident, filed by Susan B. Roy against the insurer of the vehicle which struck her, Commercial Union Insurance Company. Liability of the defendant was stipulated and quantum is the sole issue. An award of $10,000 for past pain and suffering, $20,000 for future pain and suffering, $40,000 for permanent disability or disfigurement, $10,000 for past medical expenses, $40,000 for future medicals, and $2,300 for loss of past earnings, totaling $122,300 was rendered by a jury.
Defendant, Commercial Union, has appealed the three general damage awards totaling $70,000 and the award for future medical expenses of $40,000. The issues before us for review are:

*253 (1) Was the award of $40,000 for future medical expenses supported by the record?
(2) Are the general damage awards excessive?
(3) Whether admitting certain evidence was sufficiently prejudicial to defendant to require a reversal or remand.
We believe the general damage awards to have been within the discretion of the jury. However, the award of $40,000 for future medical expenses is not supported by the evidence, and we reverse that award.

FACTS On December 7, 1982, Susan B. Roy and her children were in a vehicle, stopped at a stop sign, when an 18-wheeler struck the front of the car. Plaintiff's two minor children were riding in the front seat. The severe impact as a result of holding on to the steering wheel when the 18-wheeler collided with the front of her vehicle affected plaintiff's entire body.
After the accident, Mrs. Roy was examined by Dr. Richard Michel, a general practitioner, for her injuries. Dr. Michel concluded that plaintiff's injuries resulted from the impact of the accident and prescribed muscle relaxants. Continuing to experience pain, plaintiff was examined by her family physician, Dr. Brian McCann. After taking x-rays and prescribing strong pain killers, he sent plaintiff home. Mrs. Roy continued to see Dr. McCann and began physical therapy in January of 1983. The physical therapy continued for approximately three months.
Because Mrs. Roy's condition failed to improve, Dr. McCann referred her to Dr. Waldman, an orthopedic surgeon. Dr. Waldman prescribed a corset which would prevent Mrs. Roy from bending forward and was worn continuously for approximately three months.
In April or May of 1984, Dr. Waldman referred her to John Weiss, another orthopedic surgeon. Dr. Weiss hospitalized plaintiff for eight days for testing; i.e., myelogram, x-rays, IVP, traction, and EMG nerve conduction study. The EMG revealed nerve abnormalities. Plaintiff's pain persisted, and Dr. Weiss prescribed a chair brace for use when sitting for a prolonged period of time.
Plaintiff was next examined by her mother's physician, Dr. S.R. Abramson, who referred her to Dr. Jose L. Garcia-Oller, a neurological surgeon. Plaintiff was first examined by Dr. Garcia-Oller in September of 1983, at which time she was still experiencing a dull, aching pain in her lower back, radiating down to her leg and to her toes. Dr. Garcia-Oller continued to see plaintiff until August of 1984; he concluded that plaintiff suffered from severe lumbar and lumbosacral sprain and strain of joints and ligaments, symptomatic with back pain, complication of back injury by a traumatic right sciatic nerve root involvement.
Dr. Bruce E. Razza, an orthopedic surgeon, also examined plaintiff. He reviewed a CT scan and found a mild disc bulge at the L5-S1. A review of the myelogram revealed an L4-5 level bulge. He concluded that plaintiff suffered from lumbar spondylosis with radiculopathy and probable lumbosacral disc injury and nerve damage, and that plaintiff had a pre-existing condition, sacralization, which was aggravated and would prolong her pain and recovery from the accident.
The medical evidence presented by plaintiff indicates that plaintiff will suffer permanently from the problems above mentioned and she has been assigned a 10 to 15% whole body permanent disability. Plaintiff has been in continuous pain for over three years. Defendant presented the testimony of two experts, Dr. F.C. McMains, an orthopedist, and Dr. Richard W. Levy, a neurosurgeon. Dr. McMains believed plaintiff's problem to be muscle strain which would resolve itself in time. Dr. Levy testified that, from the standpoint of a neurosurgeon, plaintiff had no neurological problems.

*254 WAS THE $40,000 AWARD FOR FUTURE MEDICAL EXPENSES ERRONEOUS?
Although a plaintiff has a right to recover the cost of future medical treatment, in the absence of medical evidence showing that the future expenses will be incurred and an estimate of the probable cost of such treatment, an award for such is improper. Ainsworth v. State Farm Automobile Insurance Company, 399 So.2d 1242 (La.App. 3 Cir.1981).
The record reveals highly speculative and vague testimony by Dr. Garcia-Oller as to future medical needs, including the possibility of surgery. He also mentions the possibility that she may have to see a neurosurgeon or orthopedic surgeon twice a year. However, the record is completely devoid of any cost estimate for possible future medical services. Accordingly, we find that the plaintiff has failed to carry her burden of proof, with some degree of legal certainty, of the cost of future medical expenses, if any. Accordingly, we find that the jury erred in awarding the amount of $40,000 for future medical expenses, and we reverse same.

EXCESSIVENESS OF THE $70,000 GENERAL DAMAGE AWARD
The general damage award consists of $10,000 for past pain and suffering, $20,000 for future pain and suffering, and $40,000 for permanent disability or disfigurement. We believe these awards are within the jury's discretion, and consequently, they are affirmed.
In order to overturn a jury's quantum verdict on appeal, the appellant has the burden of proving that the award exceeds the great discretion given to the trier of fact. Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). Whether the jury award for the particular injury and its effect on this particular injured person is a clear abuse of the fact finder's "much discretion" is the issue. Jones v. MFA Mutual Insurance Company, 410 So.2d 1190 (La.App. 3 Cir.1982).
Although we believe that the award for past pain and suffering is somewhat low, it is well within the jury's discretion. The record supports the award for future pain and suffering. Likewise, the award for permanent disability is supported by the record although it is somewhat high. Dr. Garcia-Oller assigned a 15% disability to everyday activities, a 20% functional impairment of the whole body, and a 100% limitation on sporting activities and activities requiring prolonged sitting. Plaintiff had to completely alter her lifestyle. Prior to this accident, plaintiff was an active young woman of thirty-two. Now she is very limited in her activities. Dr. Razza testified that her condition was unlikely to improve and likely to deteriorate.
Defendant urges us to examine the jurisprudence for similar injuries. However, a reviewing court is obligated to first examine the individual circumstances of the case before it. Prior awards are only an aid where the present award is shown to be greatly disproportionate to past awards for truly similar injuries. LeBlanc v. Montgomery Ward & Company, Inc., 420 So.2d 1320 (La.App. 3 Cir.1982). Evaluation of a personal injury award is extremely difficult. The demeanor of the witnesses, the believability of the injured party's experience, and the medical evidence presented are the essentials in a juror's resolution of quantum. Brisco v. Stewart, 423 So.2d 1198 (La.App. 4 Cir. 1982). Because we believe the award of general damages to plaintiff is sufficiently supported by the record, even presuming that the other doctors who examined the plaintiff would have testified against her, we affirm. Hudson v. Thompson, 422 So.2d 640 (La.App. 3 Cir.1982).[1] *255 WAS THE ADMISSIBILITY OF CERTAIN TESTIMONY SUFFICIENTLY PREJUDICIAL TO REQUIRE A REVERSAL OR REMAND?
Dr. Garcia-Oller testified as an expert witness in the areas of neurology and neurosurgery. The record reflects his testimony concerning permanent disability or impairment of the plaintiff because of psychological injury as a result of the accident. Defense counsel timely objected to such testimony, but the trial court allowed its admission into evidence. Additionally, plaintiff's counsel, during opening statement, referred to a medical report which was not admitted into evidence.
Although it was improper for Dr. Garcia-Oller to testify as to the percentage of "psychological disability," we believe it was harmless error. Viewing the record as a whole, we do not believe this testimony added anything to the facts presented to the jury. Consequently, we believe this specification to be without merit.
Defendant further argues that the court erred in allowing plaintiff's experts to refer to the contents of medical reports submitted by Dr. Weiss, or his partner, Dr. Waldman, neither of whom were called as witnesses at trial. The contents of a medical report are hearsay. However, the references defendant complains of are not offered to prove the truth of the matter asserted therein; rather, they were introduced as the foundation on which the testifying physician's medical opinion was based. Because the use of this hearsay was to show the basis for an opinion and not the truth of the fact stated, it was admissible. Any hearsay medical testimony not necessary to a diagnosis of plaintiff's condition is inadmissible. Dr. Garcia-Oller stated that he customarily reviewed all medical reports in forming the patient's medical history. Because the physician needed to state plaintiff's history to establish the facts on which the medical opinion was based, we believe that the use of this hearsay testimony was not sufficiently prejudicial to warrant a reversal or a remand. Consequently, this specification of error is without merit.
In accordance with the above, the judgment of the trial court is reversed as to the award of $40,000 for future medical expenses; in all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed 75% to the defendant-appellant and 25% to plaintiff-appellee.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.
WARREN E. HOOD, J.Pro Tem., concurs.
NOTES
[*] Judge Warren E. Hood, of the 14th Judicial District Court, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Defendant alleges that six doctors who examined plaintiff would have testified adversely, relying on the presumption that these witnesses were not called to testify at trial. The following doctors treated plaintiff at one time or another: Dr. Garcia-Oller, Dr. Bruce Razza, Dr. Weiss, Dr. Michel, Dr. McCann, Dr. Waldman, Dr. Abramson. Only Drs. Garcia-Oller, Razza and McCann treated plaintiff for any length of time. Although a presumption arises that if called their testimony would have been adverse to plaintiff, that presumption is merely a factor to consider along with the other evidence in determining the true facts of the case. Boutte v. Mudd Separators, Inc., 236 So.2d 906 (La.App. 3 Cir.1970), writ refused, 256 La.894, 240 So.2d 231 (1970).