488 So.2d 296 (1986)
John Allen TOUPS, et al, Plaintiffs-Appellees,
v.
T.G. & Y. STORES COMPANY, et al, Defendants-Appellants.
No. 85-373.
Court of Appeal of Louisiana, Third Circuit.
May 14, 1986.
*297 J. Louis Gibbens, New Iberia, for defendants-appellants.
Thompson and Sellers, Charles Thompson, Jr., Abbeville, for plaintiffs-appellees.
Before FORET, KNOLL and MOUSER[*], JJ.
FORET, Judge.
This is a slip and fall case. On April 5, 1982, Alicia Marie Toups, her child, and her husband, John, were shopping in a T.G. & Y. store when Mrs. Toups slipped and fell in a puddle of water. After trial by jury, a verdict of $75,000 in favor of Alicia Marie Toups and against T.G. & Y. Stores Company was awarded[1].
Defendant[2] appeals the award, urging excessiveness of the damage award and error in one of the trial court's jury instructions. Plaintiffs answered defendant's appeal, requesting an increase in the damage award.

FACTS
On April 5, 1982, Alicia Marie Toups, John Allen Toups, and the couple's three-year-old son went shopping at a T.G. & Y. Family Center store in Abbeville. The *298 family walked through the men's wear department and then took the same aisle to the sporting goods department. Mrs. Toups testified that she was looking over her shoulder to be sure her three-year-old son was following her when she slipped in water and fell on the floor in the store aisle. The shopping car she was pushing fell on top of her as she fell.
Mrs. Toups immediately reported the injury to the store manager before leaving the store. Azelie Ruth Broussard, Assistant Store Manager, who had worked for T.G. & Y. for thirteen years, made out the accident report. Ms. Broussard left the report with Hall Huey Williams, Store Manager. Her testimony was that the problem of water leaking from the air conditioner vents had occurred before. She testified:
"We were told that condensation caused the problem, and that's why it was an irregular thing. Possibly it would happen, and possibly it wouldn't. To catch it, you would have to have someone standing there twenty-four (24) hours a day. So, the best we could do was just every time we knew about it, get it cleaned up."
The record reflects that warning signs were not placed under the problematic ducts even though the water puddle was transparent on the waxed and shiny tile floors. Ms. Broussard testified that water standing in puddles on the aisle could not be seen.
Mr. Williams, Store Manager, testified the problem was ongoing several months before Mrs. Toups' fall. At least one other person had fallen in the store due to the water leaking and pooling on the tile floors. The record reflects that the store did not exercise reasonable protective measures to keep the aisles water-free.
Mrs. Toups was subsequently treated by numerous doctors for lumbosacral sprain and nerve contusion. She had a pre-existing condition known as Charcot-Marie-Tooth (peroneal muscular atrophy) which was symptomatic after the accident. Mrs. Toups' medical expenses were over $7,000, and she claimed no lost wages. Only routine follow-up medical attention was indicated for the future.

ERRONEOUS JURY INSTRUCTION
Defendant alleges trial court error in instructing the jury that the display of items in stores entices shoppers to focus their attention on the displays rather than along the surface upon which they walk. Defense counsel objected to this instruction at the time it was given to the jury. Defendant contends the above charge misled the jury by giving the impression that Mrs. Toups' actions could be excused.
After considering the record as a whole, we find that the instruction given was not erroneous. Even if we were to find it erroneous, it would be harmless error.
In response to a questionnaire, the jury found that Mrs. Toups was not contributorily negligent. Furthermore, pure common sense dictates that all store items are meant to entice shoppers. For these reasons, we find that this specification of error has no merit.

EXCESSIVE DAMAGE AWARD
Defendant contends that the $75,000 damage award to plaintiffs is so excessive as to be manifestly erroneous. Plaintiffs urge an increase to $150,000[3].
To overturn a jury's quantum verdict on appeal, appellant has the burden of showing that the award exceeds the much discretion given to the trier of fact. Roy v. Commercial Union Insurance Co., 486 So.2d 251 (La.App. 3 Cir.1986), and cases cited therein. The issue is whether or not the jury award for this particular injury is a clear abuse of the fact finder's "much discretion." Roy v. Commercial Union Insurance Co., supra; Jones v. MFA Mutual Insurance Company, 410 So.2d 1190 (La.App. 3 Cir.1982).
We believe that the award is within the jury's discretion. We are unable to *299 increase the award to $150,000 as urged by plaintiffs. Mrs. Toups is extremely sensitive to pain because she suffers from a pre-existing condition. This is a major consideration in examining the individual circumstances of the case before us. Appellant asks us to examine prior jurisprudence for similar injuries. However, prior awards are only an aid where the present award is shown to be greatly disproportionate to past awards for truly similar injuries. Roy v. Commercial Union Insurance Co., supra, and cases cited therein. "Evaluation of a personal injury award is extremely difficult. The demeanor of the witnesses, the believability of the injured party's experience, and the medical evidence presented are the essentials in a juror's resolution of quantum." Roy v. Commercial Union Insurance Company, supra, at 254.
The record reflects that prior to her injury, Mrs. Toups was able to perform many chores around the home and farm, care for her family, lead a normal marital life, and lift heavy objects. Since the accident, she has been unable to do most of those things.
Dr. John Thibodeaux testified that Mrs. Toups had a decreased knee jerk and that she may have a collapsed disc. He recommended rest and heat and referred her to two specialists, Dr. Roland Miller and Dr. Robert Rivet. Dr. Miller sent Mrs. Toups to Dr. James Domingue, an orthopedic surgeon, for an EMG and for a nerve conduction test.
Mrs. Toups also had a myelogram. Dr. Miller concluded that Mrs. Toups suffered from a pre-existing condition which dissolves the nerve sheaths which normally insulate the nerves. Such a disease makes the victim extremely sensitive to injury and pain[4].
As a result of this injury, Mrs. Toups has sustained over $7,000 of medical expenses, has been hospitalized in three different hospitals, has had myelograms, EMGs, nerve conduction tests, has seen numerous specialists, and is in continuous pain. Dr. Domingue still treats Mrs. Toups and stated that treatment would continue for a minimum of one year post-trial.
The testimony in the record is speculative as to a permanent disability. However, plaintiff's testimony is that she does suffer considerable pain. Furthermore, Mrs. Toups was eight months pregnant at the time of the injury.
On review, we must give great weight to the factual conclusions of the jury. We are not free to substitute our own version of the facts, however reasonable that version may be, for that found by the trier of fact unless the trier of fact has committed manifest error by our finding that the facts are not reasonably supported by credible evidence in the record. We are unable to say that the jury erred in awarding the Toups $75,000 in damages.
For the above and foregoing reasons, the judgment of the trial court is affirmed with all costs to be paid by defendant-appellant.
AFFIRMED.
NOTES
[*] Judge Edward M. Mouser, of the 33rd Judicial District Court, participated in this opinion by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] This suit was filed by John Allen Toups, individually, Alicia Marie Toups, individually, and John Allen Toups and Alicia Marie Toups, husband and wife.
[2] This suit was filed against T.G. & Y. Stores Company and ABC Insurance Co. No answer was filed by ABC Insurance Co. nor was judgment rendered against the insurer.
[3] Alicia Marie Toups sued for $500,000. John Allen Toups sued for $50,000 for loss of consortium, and John and Alicia Toups, husband and wife, sued for $100,000 for medical expenses and loss of services to the community.
[4] Physical therapist, Maurice Hebert, testified that the therapy and traction prescribed for Mrs. Toups had been discontinued because she was unable to tolerate the pain. Mrs. Toups is unable to walk without pain or stand up straight. She also suffers from depression and a reduced sex drive due to pain.