STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-1646


MARJORIE COOKS, ET AL.

VERSUS

RENTAL SERVICE CORP., ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 193,569
HONORABLE F. RAE DONALDSON SWENT, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*
ULYSSES GENE THIBODEAUX
CHIEF JUDGE
\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and
James T. Genovese, Judges.


REVERSED AND RENDERED.

John Taylor Bennett
John T. Bennett Law Office
P. O. Box 275
Marksville, LA 71351
Telephone: (318) 253-4631
COUNSEL FOR:
   Plaintiffs/Appellants - Marjorie Cooks, Kimberly C. Dixon, Tonea
   M. Cooks, Paul D. Cooks, Jr., and Tracey Lynn Cooks


Robert Clyde Funderburk, Jr.
FUNDERBURK & ANDREWS
329 St. Ferdinand Street
Baton Rouge, LA 70802
Telephone: (225) 387-2200
COUNSEL FOR:
   Defendant/Appellee - American National Property & Casualty
   Companies

**Christopher J. Roy, Sr.**
**Law Offices of Chris J. Roy, Sr.**
**2006 Gus Kaplan Drive - Suite 2B**
**Alexandria, LA 71301**
**Telephone:  (318) 767-1114**
**COUNSEL FOR:**
      **Plaintiffs/Appellants - Marjorie Cooks, Kimberly C. Dixon, Tonea**
      **M. Cooks, Paul D. Cooks, Jr., and Tracey Lynn Cooks**

THIBODEAUX, Chief Judge.

In this insurance case, the Cooks family appeals a trial court judgment finding that an insurance company, American National Property and Casualty Company (ANPAC), is not responsible for payment of an additional $10,000.00 under its agreement with the insured, William Lockhart. ANPAC argues that it has satisfied its obligation under the agreement by paying the policy limits of $10,000.00, and that the fact that both of Mr. Lockhart's ANPAC-insured vehicles were involved in the accident that killed Paul Cooks does not permit the Cooks family to recover twice. We disagree with ANPAC and reverse the trial court's judgment in its favor. Because two cars were insured, the terms of the policy apply equally to each car. Both cars were involved in the accident; thus, ANPAC must fulfill its obligations under the policy covering each car.

I.

**ISSUES**

We must determine whether the policy agreement between ANPAC and Mr. Lockhart offers an additional $10,000.00 in coverage for an accident in which two insured vehicles were involved where ANPAC has already paid $10,000.00, an amount ANPAC asserts represents the limits of liability under the policy for one accident involving one car. Additionally, if we find that ANPAC is responsible for the policy limits on both cars, rather than just one, and therefore must pay an additional $10,000.00, we must consider whether ANPAC is responsible for payment of interest on the second $10,000.00 sum.

1

II.

**FACTS**

On August 28, 1998, Mr. Lockhart was driving his Toyota truck south on MacArthur Drive in Alexandria. His Toyota was pulling a towing dolly, attached to which was a Chevrolet truck. Mr. Lockhart owned both the Toyota and the Chevy. Both trucks were insured under one policy issued by ANPAC. As he was driving, the Chevy disconnected from the trailer, rolled across the median, and struck Paul Cooks, who was driving north on the same road. Mr. Cooks was killed and his wife and children sued various parties, including Mr. Lockhart's insurance provider, ANPAC. Except for the present case, these claims have been otherwise concluded, leaving ANPAC as the only remaining defendant.

ANPAC admitted coverage and deposited $10,000.00 plus $1,528.10 interest into the registry of the court. ANPAC then sought summary judgment asking the court to declare that $10,000.00 was the only amount available for bodily injury under its policy agreement with Lockhart. The trial court granted ANPAC's motion. While reviewing the case on appeal, the third circuit discovered that the ANPAC policy was not included in the record, reversed the trial court's judgment, and remanded the case for review with the policy. *Cooks v. Rental Serv. Corp.*, 02-1446 (La.App. 3 Cir. 5/7/03), 846 So.2d 999 (unpublished). ANPAC then filed a motion for declaratory judgment, attaching the policy as an exhibit. The motion again asked the court to find that ANPAC had fulfilled its obligations to the Cooks family under the policy terms and that it was not responsible for any further payments. The Cooks family argued that since two ANPAC-insured cars were involved in the accident, ANPAC was responsible for the $10,000.00 policy limit on both cars, so that ANPAC owed them an additional $10,000.00. The trial court disagreed and found in favor of

2

ANPAC, reasoning that the text of the policy limited their liability to $10,000.00 in cases where only one person suffered injury. The Cooks family appeals, maintaining that since two insured cars had been involved in the accident, ANPAC should be liable for $10,000.00 on each car.

III.

**LAW AND DISCUSSION**

ANPAC argues in brief that the Cooks family's attempt to collect the limits for both cars amounts to stacking, which is prohibited under Louisiana law. Stacking occurs when an insured person whose damages exceed the amount provided by any one policy attempts to cumulate the coverage amounts provided either by multiple policies, or by a single policy that insures more than one vehicle. Stacking, however, bears no relationship to this case. In *Boullt v. State Farm Mutual Automobile Insurance Co.*, 99-942, p. 7 (La. 10/19/99), 752 So.2d 739, 743, the Louisiana Supreme Court explained that in order for the issue of stacking to arise at all, "the individual seeking to stack coverages must in fact be an insured as to the particular loss under more than one policy or a single policy covering multiple vehicles." Thus, a stacking claim involves the relationship between an *insured party* and an insurance company. This case, however, concerns the relationship between an *injured party* and a tortfeasor's insurance company. Moreover, the Cooks family does not seek to combine the limits available per insured car. Rather, they wish to collect separately each limit available per insured car, both of which were involved in the accident. As a result, stacking is not pertinent to the analysis of this case.

Mr. Lockhart purchased insurance from ANPAC for two vehicles, the Toyota and the Chevy. ANPAC created one physical document that provided the same insurance terms for both cars, which were listed in the Declarations page. Mr.

3

Lockhart paid two different premiums, one for each car. The practical effect of covering two cars under one policy document is that each car is separately and completely covered by the terms of the policy. The fact that there is only one physical document does not alter this effect. Thus, there was one policy insuring two vehicles, each for $10,000.00.

The Cooks family asserts that because two separately insured vehicles were involved in the accident, there should be two payments of the $10,000.00 per car liability limit, plus interest accrued. ANPAC, in contrast, argues that the language of the policy states that regardless of the number of vehicles insured under the policy, the maximum liability will be the applicable limit for a single vehicle only. According to ANPAC, the involvement of more than one insured vehicle in the accident does not increase coverage.

ANPAC derives its position from two portions of its policy. In the General Provisions section (Part V, ¶ 4, page 9), the policy states:

> TWO OR MORE CARS INSURED
>
> With respect to an accident or occurrence to which this and any other auto policy we issue to you applies, the total limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.

Additionally, the section of the Louisiana Amendatory Endorsements entitled Limits of Liability (page P-5) states:

> We will pay no more than these maximums [of $10,000.00 per person] regardless of the number of vehicles described in the Declarations, insured persons, claims, claimants or policies, or vehicles involved in the accident.

The trial court agreed with ANPAC and interpreted these provisions of the policy to mean that since only one person suffered injury in the accident, the per person limit

4

of $10,000.00 applies. In its Reasons for Judgment, the court found that "adding a car to the policy increases the number of vehicles covered, but not the limits for any one car or accident, even if two covered vehicles are involved."

We disagree with this interpretation of these policy terms. The language in the General Provisions means that where there is an accident involving an insured vehicle, the highest limit available under the policy is the cap on total recovery. This language, however, does not limit liability to the amount available for one insured car if two insured cars were involved in the accident. Similarly, the language in the Amendatory Endorsements caps the amount to be paid per person at $10,000.00, per accident, per policy. In this case, however, there are effectively two policies covering two vehicles. Therefore, the amount to be paid under each policy is $10,000.00.

ANPAC asserts that regardless of the number of vehicles insured under the policy, the maximum liability will be that described for a single vehicle only. ANPAC is correct that a plaintiff may not refer to coverage available on other insured vehicles to increase his or her recovery in an accident involving a single insured vehicle. While the policy terms may require that we disregard the number of vehicles insured by the policy in order to locate the limits of recovery, the terms do not require that we disregard the number of insured vehicles involved in the accident.

ANPAC cites two cases in support of its position, and both are inapposite because of this distinction. In *Jones v. MFA Mutual Insurance Co.*, 410 So.2d 1190 (La.App. 3 Cir. 1982), State Farm had issued two policies on two vehicles owned by one driver. A provision in the policy limited liability to the highest limit under any one policy. One of the insured vehicles was involved in an accident. The injured plaintiff attempted to recover under both policies. The third circuit rebuffed this attempt, stating that it was permissible for State Farm to limit recovery to one

5

policy, despite the existence of coverage in other policies. The opinion noted: "[i]t has been held that where a single policy provides liability coverage for two vehicles, for which two premiums are charged, the liability coverages may not be stacked." *Id.* at 1193. In *Jones*, only one vehicle caused the damage. Thus, the plaintiffs could not cumulate available policy limits. Similarly, in *Arado v. Central National Insurance Company of Omaha*, 337 So.2d 253 (La.App. 4 Cir.), *writ not considered,* 339 So.2d 19 (La. 1976), one policy insured three vehicles. One insured vehicle was involved in an accident. The plaintiffs wished to cumulate the limits available on each insured car. The fourth circuit rejected their claim.

In contrast to *Jones* and *Arado*, in this case, *two* separate vehicles insured under the same policy caused the damage. These cases only reject attempts to cumulate limits under multiple policies. They do not prevent an injured party from recovering under a policy applicable to *each car that caused injury*. ANPAC has not attempted to argue that only one car is responsible for the accident in this case. Certainly, one car without the other could not have caused Mr. Cooks' death. Thus, the policy is activated as to both insured cars, and the Cooks family is entitled to recover the limit available for each based upon, of course, a finding of liability vis-a-vis each vehicle.

Because we have found ANPAC must pay the additional $10,000.00 limit for the second car in the event of culpability, we must also consider whether it is responsible for paying accrued interest on that amount. Louisiana Revised Statutes 13:4203 states that "[l]egal interest shall attach from date of judicial demand, on all judgment, sounding in damages, 'ex delicto', which may be rendered by any of the courts." *See also Matthews v. Paddio*, 95-1142 (La.App. 3 Cir. 1/31/96), 670 So.2d 312, *writ denied*, 96-1222 (La. 6/21/96), 675 So.2d 1085. In *Luttrell v. State Farm*

6

*Mutual Automobile Insurance Co.*, 244 So.2d 97, 101-102 (La.App. 3 Cir. 1971), this court observed in dicta that where an insurer would be liable under more than one insurance policy, "deposit of the full limits of liability under one policy certainly would not exonerate the insurer from legal interest where there existed the possibility of further liability for the principal under the second policy."

While ANPAC did not discuss payment of interest in its appellate brief, it did discuss this issue in its Memorandum in Support of Motion for Declaratory Judgment, included in the record. In that document, ANPAC attempted to distinguish *Luttrell* by noting that because the plaintiff in that case had not attempted to recover under both policies, the court declined to hold the insurance company responsible for interest beyond that required by the principal policy. Additionally, ANPAC cited *Doty v. Central Mutual Insurance Company*, 186 So.2d 328 (La.App. 3 Cir.), *writ denied*, 187 So.2d 451 (La.1966) for the proposition that the insurer is liable for interest on the limits of its policy from the date of judicial demand until paid, and concluded from this that their payment obligations were dissolved because they have deposited with the court the limits of liability for one car under the policy. ANPAC also referred to *Boston Old Colony Insurance Co. v. Fontenot*, 544 So.2d 739 (La.App. 3 Cir. 1989), in which the insurance company admitted liability to the extent of its policy limits and deposited the amount, plus accrued interest, with the court. The court relieved the insurance company of further responsibility for legal interest on any judgment rendered in excess of the coverage available under its policy.

ANPAC maintains that their responsibility for interest from the date of judicial demand should be limited to the interest on the principal obligation, which they identify as payment on one car. We have found, however, that ANPAC is responsible for two covered cars. Thus, the jurisprudence they cite juxtaposing

7

payment of interest with payment of the primary obligation is inapposite in that this case law does not account for responsibility for two primary obligations. The second payment of $10,000.00 is a responsibility that is distinct from the first payment. The contingency envisioned in *Luttrell* has arisen in this case, making ANPAC responsible for interest on the second payment of $10,000.00.

IV.

## **CONCLUSION**

For the above reasons, the judgment of the trial court is reversed. Costs of appeal are assessed to appellant, American National Property and Casualty Company.

**REVERSED AND RENDERED**.