TATE, Judge.
This appeal concerns a concursus proceeding brought under LSA-C.C.P. Art. 4651 et seq. Presented for our decision is the question whether the claimants, who withdrew funds deposited for their account under an admission of liability, are thereby prevented from prosecuting other claims related to the incident which gave rise to the admission of liability as to the funds deposited.
The defendant claimants appeal from judgment on the pleadings holding that, by their withdrawal of the funds deposited, they acquiesced in other demands of the *149 concursus petition for declaratory relief decreeing the plaintiff-depositor to be free from further liability.
I.
Before stating the facts of the instant case, we think it well to refer briefly to the procedural context in which this litigation is set.
The concursus remedy provided by the new Code of Civil Procedure of 1960 is broader than that formerly permitted 'by the pre-Code enactments. While the former remedies were available only to stakeholders who admitted liability, the remedy now affords protection against multiple litigation to those who deny liability in whole or part, but who wish to implead all claimants in one suit. See: Dean Henry G. McMahon’s comments and summary of procedural changes preceding Article 4651 in West’s LSA-C.C.P.; Sarpy, Concursus: Interpleader in Louisiana, 35 Tul.L.Rev. 530 (1961).
Nevertheless, one important exception to such extended use of concursus is . set forth at LSA-C.C.P. Art. 4652, which provides that claimants for wrongful death or personal injury damages may not be impleaded in a concursus proceeding, “ex- . cept by a casualty insurer which admits 'liability for the full amount of the insurance coverage, and has deposited this sum into the registry of the court.” The purpose of this prohibition is to prevent an abuse of the concursus remedy by the tortfeasor or his insurer, who in the absence of an admission of liability might procure certain procedural advantages against the claimants not otherwise avail- . able. Reporter’s comment (e), LSA-C.C. P. Art. 4652; 35 Tul.L.Rev. 538.
II.
The present suit was instituted by a petition filed by the plaintiff insurer entitled “Proceedings for concursus, declaratory relief and injunction”.
The allegations of the petition show the following: A Chevrolet pickup truck owned by the plaintiff’s insured, Fitts, was involved in a collision with two other vehicles, namely, the Luttrell pickup truck and the Ray automobile. As a result of this collision, the Luttrell parties filed suit demanding over two hundred thousand dollars for three deaths, while Ray filed another suit demanding some thirteen thousand dollars for his personal injuries.
In the present action, the plaintiff insurer impleads all of the Luttrell and the Ray parties of these two suits previously filed against it. The plaintiff alleges that it had issued a policy of liability insurance, Exhibit A, covering the Fitts truck, with bodily injury policy limits of $20,-000 for each accident.

Plaintiff’s demand in connection with deposit.

The, plaintiff insurer (a) admitted its liability to the Luttrell and Ray parties for the full amount of its insurance coverage afforded by its Exhibit A policy; (b) deposited into the court the sum of $20,-570.43, alleged to represent its maximum liability for the principal amount of said policy, and also the interest due thereupon from date of judicial demand in the tort suits; and then (c) prayed that the Ray and Luttrell “defendants should be required to assert their respective claims contradictorily against each other in this proceeding.” Articles 8, 9, 10, petition.
In connection with such allegations, the prayer of the plaintiff’s petition was that it be authorized to deposit this sum into the registry of the court “for the accounts of defendants [the Ray and Luttrell claimants] and that the same be accepted and held by the Clerk of this Court in escrow for the benefit of one or more or all of the defendants pending further orders of this Court.”
Appended to the petition was an order authorizing the petitioner to deposit the stated sum into the registry, to be held *150 pending further orders of the court. This authorization for deposit was signed by the district court at the time the concursus. proceeding was filed.

Plaintiff’s additional demands for declaratory and injunctive relief.

In addition to the above allegations, the plaintiff insurer “further” desired a declaratory judgment “as to its rights, obligations and liabilities” under the Exhibit A policy, such declaratory relief particularly to decree that the amount deposited constituted the insurer’s entire liability under such policy. Article 11. The plaintiff insurer also “further” desired a declaratory judgment as to any rights the Luttrell and Ray parties had against it by virtue of another insurance policy, Exhibit B, allegedly applicable only to another motor vehicle owned by Fitts, its insured, with such declaratory judgment particularly to decree that the plaintiff was not liable to any of the defendants by virtue of the coverage afforded to Fitts under the Exhibit B policy.
In connection with these other additional demands for declaratory relief, the prayer of the plaintiff’s petition prayed that it be accorded such declaratory relief “after due proceedings”.

Withdrawal of deposit by the claimants.

By joint answer to the petition in this proceeding, the Luttrell and Ray claimants alleged that they had agreed among themselves as to the division of the sums deposited, and they prayed for a withdrawal of these sums. This was then granted by ex parte order of the court.
In their answer, the claimants also had specially denied that the plaintiff insurer was entitled to the further declaratory relief for which it had prayed, to the effect that there was no further liability to the claimants under either the Exhibit A or the Exhibit B policies. The order of court permitting the withdrawal of the sum deposited specifically stated “that all other matters at issue herein await the further determination, orders, decrees and judgments of this court.”

Summary of proceedings.

The proceedings filed by the plaintiff insurer thus included two generically-different and entirely separate sets of demands.
1. On the one hand, with full admission of its liability for such amount, the plaintiff deposited into the court the principal amount, with the legal interest to date, due under the Exhibit A policy issued by it. By its deposit of such sum and the allegations of its petition, the plaintiff-stakeholder unconditionally admitted its liability to the defendant claimants for this full amount. By law, the insurer was thereby “relieved of all liability to all of the defendants for the money so deposited.” LSA-C.C.P. Article 4658. The plaintiff-stakeholder, under its own pleadings, had no further claim to the funds so deposited, and the division of them among the defendant claimants was left to the resolution between these defendants of their contradictory (inter sese) claims to these proceeds.
2. On the other hand, the plaintiff insurer further sought declaratory relief as to certain other claims asserted against it by the defendant-claimants. As to the declaratory relief sought oh these other claims, the pleadings filed by the plaintiff contemplated contradictory proceedings between it and the claimants, independent of the disposition of the funds deposited in connection with the first demand.
In short, the right of the claimants to receive the funds deposited was not conditioned upon their releasing these other claims against the defendant insurer; nor could such a conditional deposit have had the effect of relieving the plaintiff insurer of its liability for legal interest upon the amount it owed until payment of the principal was made, for a deposit conditioned upon the release of other claims cannot *151 be the real tender requisite to exonerate the debtor from the debt and the legal interest, LSA-Civil Code art. 2167, see Collins v. Employers Liability Assurance Corp., La.App. 1 Cir., 116 So.2d 851, and cases therein cited.
We may add that the' plaintiff insurer secured a real advantage by its deposit in these concursus proceedings of such principal amount as to which it admitted liability.
If there had been only one claim and one suit pending, the plaintiff insurer could have absolved itself from further legal interest by unconditionally depositing the full amount of its liability into court. Cf., Collins v. Employers Liability Assurance Corp., cited above. However, in the present instance, with two different suits by 'different sets of claimants pending, with demands far in excess of the plaintiff’s liability coverage under the Exhibit A policy, the plaintiff could not receive this advantage, except as permissible by a concursus action, impleading the separate sets of claimants in this one suit, and in which the full amount of admitted liability could be deposited (subject only to the claims between themselves of the parties asserting their separate claims to it by their separate suits against the insurer.)
Likewise, if the concursus proceeding ■was available, the insurer was relieved of certain apportionment and credit problems which might have resulted, had the judgments in the separate suits against it be•come executory at different times, so that execution of judgment resulted in one suit •earlier than in the other.- Cf., Annotation, Basis and manner of distribution among ■multiple claimants of proceeds of liability insurance policy inadequate to pay all •claims in full, 70 A.L.R.2d 416.
III.
Upon the claimants’ withdrawal of -the sums deposited, the plaintiff insurer filed a motion for judgment on the pleadings. ' By this motion, the plaintiff asserted that, by withdrawing the amount deposited, the claimants had acquiesced in all the demands of the concursus proceeding, including the further demands for declaratory relief. The plaintiff additionally contended that, by withdrawing such funds, the claimants were estopped to assert further liability against the plaintiff.
The trial court sustained this motion and entered judgment on the pleadings in favor of the plaintiff.
The trial court held that the claimants’ withdrawal of the amount deposited — even though made with a full reservation of the claimants’ rights to defend against the petitioner’s further demands for declaratory and injunctive relief — , nevertheless amounted to an acquiescence in the entire prayer of the concursus petition, which included the demands for decrees, “after due proceedings”, that the plaintiff insurer be declared free of any further liability under either the Exhibit A or the Exhibit B policies issued by it.
In reaching this result, the trial court first concluded that the concursus remedy was improperly sought herein by the plaintiff insurer, since the purpose of the remedy was to cover, by the deposit of all amounts for which liable, all claims between the plaintiff-stakeholder and the claimants cited, the court relying upon Transo Investment Corp. v. Oakley, La. App. 2 Cir., 37 So.2d 560. Since the relied-upon decision also indicated that concursus proceedings are ended by the distribution of the deposited money, the trial court further concluded that the claimants’ voluntary act in applying for and withdrawing the money had effectively ended the concur-sus proceedings, thereby denying the plaintiff insurer the right to have the funds refunded should it subsequently be determined that they did not cover the plaintiff’s full liability to the claimants..
In our opinion, our learned trial brother erred in these conclusions."
*152 In the first place, as has been demonstrated above, the funds were deposited in connection with one demand, as to which the plaintiff admitted full liability, and as to which the plaintiff insurer received certain benefits by so depositing the funds. These funds were unconditionally deposited, subject only to the order of court as to how they should be divided among the claimants. The plaintiff-stakeholder had no further interest in these funds, in view of its unconditional admission of full liability as to such amount.
Thus, the claimants, by their withdrawal of the deposited funds, did not acquiesce in the separate and distinct other demands for declaratory relief sought by the plaintiff to the effect that, "after due proceedings”, said insurer be declared free of any further liability to the claimants under additional claims against it. Following the claimants’ withdrawal of the funds deposited in connection with the plaintiff’s admitted liability for the said full amount under the first demand, these other demands by the plaintiff for declaratory relief were still pending before the trial court, still subject to its determination.
Also, for these reasons, the plaintiff’s withdrawal did not constitute an act to the detriment of the plaintiff-stakeholder, so as to estop the claimants from maintaining their defenses against these other still-pending demands by the plaintiff to be declared free of further liability. Estoppel ordinarily does not apply in the absence of a change of position by one party to his detriment, due to the actions of the other party. Breaux v. Laird, 230 La. 221, 88 So. 2d 33.
We expressly do not pass upon the contention that the plaintiff’s use of the con-cursus remedy was improper, even as to the deposited funds as to which it admitted liability. Even if such be assumed, however, we are unable to see how, as contended, the claimants’ withdrawal of funds unconditionally deposited for their account in the register of the -court, could result in prejudicing the claimants’ rights to maintaining their defenses to yet other demands additionally asserted by the plaintiff in the con-cursus proceeding, whether improperly or not.
We must therefore reverse the trial court’s judgment on the pleadings, which decreed that the plaintiff is free and clear of any further liability on the policies in question and which enjoined the defendants from further proceedings against the plaintiff in this regard.
IV.
As to these further demands by the plaintiff insurer for declaratory decrees freeing it from any further claim on either of the two liability policies it had issued :
In view of the clear statutory prohibition, it is quite likely that they are not properly sought in a concursus proceeding, since the questions involved arise from claims for wrongful death and personal injury and since liability as to them is denied. LSA-C.C.P. Art, 4652. Further, if these additional demands be regarded as prayers for a declaratory judgment, LSA-C.C.P. Art. 1871, it is also doubtful that this remedy is properly available, since the same issues have already been asserted in pending previously-filed tort suits. See Annotations 7, 50, LSA-C.C.P. Art. 1871; cf., Rogers v. Louisiana State Bd. of Optometry, La.App. 3 Cir., 126 So.2d 628. (In Poynter v. Fidelity and Casualty Co., La. App. 3 Cir., 140 So.2d 42, where we allowed the declaratory action, the declaratory claim involved the obligation of the insurer to defend the insured in a pending tort suit, which issue was not pending in the tort claim brought against the insured by another party.)
However, we do not have before us now any exceptions or pleadings questioning the right of plaintiff to the declaratory relief sought with regard to these further demands, nor has such question yet been posed and passed on in the trial pleadings. *153 Also, the plaintiff’s motion for summary-judgment on these declaratory demands has not yet been passed on by the trial court.
Questions relating to these further demands, therefore, are not yet ripe for appellate review. See McDonald v. Grande Corp., La.App. 3 Cir., 148 So.2d 441, syllabus 13; Mestayer v. Cities Service Development Co., La.App. 3 Cir., 136 So.2d 513, syllabus 10. We remand the case for further disposition thereof.

Decree.

For the foregoing reasons, we annul and set aside the trial court judgment on the pleadings in favor of the plaintiff insurer, and we remand the case for further proceedings not inconsistent with the views expressed herein. All costs of this appeal are assessed against the plaintiff-appellee; all other costs to await the final disposition of these proceedings.
Reversed in part; remanded in part.