244 So.2d 97 (1971)
Laura Simmons LUTTRELL et al., Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendants-Appellees.
No. 3280.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1971.
Rehearing Denied February 24, 1971.
*98 Gravel, Roy & Burnes, by Chris J. Roy, Alexandria, for plaintiffs-appellants.
Gist, Methvin & Trimble, by DeWitt T. Methvin, Jr., Alexandria, Gold, Hall & Skye, by William E. Skye, Alexandria, for defendants-appellees.
Irving Ward-Steinman, Alexandria, for Bankruptcy Court.
Before FRUGE, CULPEPPER and MILLER, JJ.
MILLER, Judge.
On October 10, 1962, Ernest Luttrell and his two minor children, Ernie Michael Luttrell and Vivian Rene Luttrell, were killed in a three-car collision which occurred on U. S. Highway 165 in Rapides Parish, south of Alexandria. The accident happened when T. J. Fitts, unemancipated minor son of J. T. Fitts, drove his father's 1960 Chevrolet pick-up truck into the rear of Luttrell's 1950 Ford pick-up truck thereby propelling the Ford, driven by Luttrell with his two minor children as passengers, into the oncoming lane of traffic where it was struck by a 1953 Ford automobile driven by Billy Wayne Ray.
On March 25, 1963, plaintiff, Laura Simmons Luttrell, surviving widow of Ernest Luttrell, brought suit for damages, individually, and as natural tutrix of two surviving minor children, against J. T. Fitts, individually, and as administrator of his minor son, T. J. Fitts, and his liability insurer, State Farm Mutual Automobile Insurance Company. Fitts carried two policies *99 of liability insurance with State Farm. Policy A provided coverage for the 1960 Chevrolet truck involved in the collision and Policy B was insurance on a Pontiac automobile also owned by Fitts.
Subsequent to plaintiff's suit, State Farm, in suit No. 60,104 of the Ninth Judicial District Court for Rapides, filed a "Proceeding for Concursus, Declaratory Relief and Injunction" against Billy Wayne Ray and Mrs. Luttrell wherein the company generally admitted all the essential allegations of fact of plaintiff's petition, deposited the sum of $20,570.43 in the registry of the court (representing the limits of liability under Policy A together with the property damages claimed and interest to the date of deposit), and prayed for judgment, as follows:
1. Restricting its obligations to Policy A only;
2. Compelling the defendants (Luttrell and Ray) to assert their respective claims at their own costs; and
3. Decreeing State Farm not to be responsible under Policy B.
State Farm then filed an answer in its own behalf to plaintiff's suit wherein it declared that it had deposited the full limits of its bodily injury liability in the registry of the court together with the property damage claims and interest to date of deposit, and prayed that the demands of plaintiff be relegated to the limits of the policy deposited in the special proceeding described hereinabove in suit No. 60,104.
Subsequent to these pleadings, Mrs. Luttrell, pursuant to a court order, and reserving all rights asserted in her initial suit, withdrew a portion of the $20,570.43 as per agreement between herself and Mr. Ray. Ray, reserving the same rights, withdrew his portion of that amount.
State Farm then filed motions for summary judgment and judgment on the pleadings in suit No. 60,104, requesting that Luttrell and Ray be permanently enjoined from proceeding any further against the company in their respective tort suits asserting that, by withdrawing the amount deposited, the claimants had acquiesced in all the demands of the concursus proceeding, including the further demands for declaratory relief. State Farm additionally alleged that, by withdrawing the funds, the claimants were estopped to assert further liability against the company. The trial court sustained these motions and entered judgment on the pleadings in favor of State Farm. Luttrell and Ray appealed the decision to this court and we reversed and remanded the case for proceedings not inconsistent with our opinion. See State Farm Mutual Automobile Insurance Co. v. Ray, 161 So.2d 148 (La.App. 3 Cir. 1964).
Trial was then held on the merits wherein plaintiff sought, in addition to the claims for damages, legal interest from State Farm on the $20,000.00 coverage from the date of judicial demand until the same would be discharged "according to law" and interest at the rate of 5% per annum on the excess judgment from the date of judgment until State Farm would have absolved itself of this responsibility by depositing its policy limits "according to law". Judgment was rendered in favor of plaintiff, Laura Simmons Luttrell, individually, in the sum of $140,000.00, less credit of $8,970.43 paid by State Farm, and in favor of Laura Simmons Luttrell, as natural tutrix for the two surviving minors, Linda and Lisa Luttrell, in the sum of $25,000.00 each, less a credit of $4,000.00 in each judgment previously paid by State Farm. The demands against State Farm were dismissed. Subsequent to the filing of this suit, J. T. Fitts filed bankruptcy proceedings and was adjudicated a bankrupt.
Plaintiff appealed devolutively alleging that the award in favor of Mrs. Luttrell *100 should be affirmed, the awards in favor of the two minor daughters should be doubled and State Farm should be cast for interest on the amount deposited and for interest on the judgment in excess of its policy limits. Defendant-Appellee, T. J. Fitts, answered the appeal asking that the award to Laura Simmons Luttrell be reduced from $140,000.00 to $50,000.00 and the award to each child be reduced from $25,000.00 to $10,000.00.
Initially it should be noted that neither defendant Fitts in answer to the appeal nor defendant State Farm in brief to this court has contested the holding of the trial court that the sole cause of the accident was the negligence of T. J. Fitts. A review of the pleadings, exhibits and evidence filed in the record supports this finding, and, accordingly, that portion of the judgment is affirmed.
Mrs. Luttrell was awarded the sum of $100,000.00 for the death of her husband and $20,000.00 for each child killed in the accident. The two surviving minor children were granted the sum of $25,000.00 each for the loss of love and affection and support and guidance of their father. In brief to this Court, and in support of their respective arguments for an increase or decrease in the awards, counsel for both plaintiff and defendants have cited cases wherein awards were either greater or lesser than the sums awarded by the trial court.
The rule is well established that awards of other cases for seemingly similar injuries are relevant only insofar as they indicate that the present award is so greatly out of proportion with prior awards as to constitute an abuse of the trial court's great discretion. Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); Ballard v. National Indemnity Co., 246 La. 963, 169 So.2d 64 (1964); and Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963). Also, the trier of fact has great discretion in awarding damages and will not be disturbed unless the reviewing court finds an abuse of this discretion, taking into consideration that each personal injury must be evaluated according to its own peculiar facts and circumstances. Lomenick v. Schoeffler, supra; Greene v. Allstate Insurance Co., 228 So.2d 151 (La.App. 2 Cir. 1969); and Latour v. New York Fidelity & Cas. Co., 223 So.2d 694 (La.App. 4 Cir. 1969).
As pointed out by the trial court judge, the Luttrells were a very close and happy family. Mrs. Luttrell was most dependent upon her deceased husband. Mr. Luttrell was very loyal to his family and spent a great portion of his free time devoted to his wife and children. He was a hard worker and a good provider who never allowed his wife and children to want for the necessities in life. His annual income was in a range between $9,000.00 and $10,000.00. In view of these particular circumstances, and in line with the jurisprudence, we find no manifest error in the awards granted by the trial judge.
We now address ourselves to plaintiff's claim that she is entitled to legal interest on the $20,000.00 deposited by State Farm from judicial demand to date and also upon the judgment in excess of State Farm's limit of liability.
Under a "supplementary payments" provision of Policy A issued to J. T. Fitts, State Farm agreed to pay, in addition to standard liability coverage limits of $10,000.00 per person and $20,000.00 per accident:
"All expenses incurred by the company, all costs taxed against the insured in any such suit and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in Court that part of the *101 judgment which does not exceed the limits of the company's liability thereon."
In Doty v. Central Mutual Insurance Company, La.App., 186 So.2d 328, writ refused 249 La. 486, 187 So.2d 451, we held that the insurer is liable for interest on the sum up to the limits of its policy from the date of judicial demand until paid and on the judgment in excess of its policy limits (under its supplementary payment agreement with the insured) from the date of judgment. This liability ceases when the insurer deposits into the court the full limits of its liability under the policy. See also Pittman v. Fowler, 191 So.2d 172 (La.App. 3 Cir. 1966).
Code of Civil Procedure Article 4652 provides a remedy whereby a casualty insurer may implead claimants for wrongful death or personal injury damages into a concursus proceeding when the insurer admits liability for the full amount of the insurance coverage and deposits this sum into the registry of the court.
In proceeding number 60,104, State Farm admitted liability for the full amount of its bodily injury coverage under Policy A and deposited this sum, along with the amounts claimed for property damage and interest to date of deposit, into the registry of the court. Under the provisions of Code of Civil Procedure of C.C.P. Article 4658, State Farm was thereby relieved of all liability to the claimants for the sum deposited and had no further claim to this amount. Subsequently, plaintiff and Billy Wayne Ray withdrew their agreed portion of the funds.
Plaintiff now argues that this was not a deposit or tender of the funds "according to law" because, in addition to the above procedure, State Farm further sought a declaratory judgment decreeing that the amount deposited constituted the insurer's entire liability under the policy and also a declaratory judgment as to any rights the Luttrell and Ray parties had against it as to the proceeds of the insurance Policy B which provided coverage on the Pontiac automobile. Thus, plaintiff alleges that State Farm did not comply with the provisions of Code of Civil Procedure Article 4652 and make an unconditional deposit of its admitted liability because the deposit was conditioned upon a declaration of non-liability as to the other claims and, therefore, State Farm should be liable for all accrued interest.
As we held in our opinion in State Farm Mutual Automobile Insurance Co. v. Ray, supra, State Farm in effect instituted two separate and distinct demands. In the first instance, the company unconditionally deposited the funds under one demand, as to which it admitted full liability, and relieved itself from further responsibility as to this sum. In the second instance, State Farm sought declaratory relief as to the other claims involving Policy B, which claims were independent of the funds deposited under the first demand. In view of the separate and distinct nature of these demands, we held the Luttrell and Ray parties were not precluded from asserting their defenses to the demands instituted by State Farm in the second proceeding when they withdrew their agreed portions of the proceeds deposited in the first demand. We also noted that the deposit conditioned upon the release of the other claims "* * * cannot be the real tender requisite to exonerate the debtor from the debt and the legal interest." 161 So.2d at page 151.
Perhaps the language above quoted was the inspiration for plaintiff's vigorous argument on this appeal. In any event, what we contemplated was a situation where an issue involved would be the liability of the insurer under more than one policy of insurance. In such an instance, deposit of the full limits of liability under one policy certainly would not exonerate the insurer *102 from legal interest where there existed the possibility of further liability for the principal under the second policy.
This is the very situation which appeared to be before this court on the first appeal and which prompted us to declare that the declaratory relief sought by State Farm was quite likely not properly brought under LSA-C.C.P. Article 4652.
However, a review of the record reveals that the plaintiffs have not pursued whatever claim they may have had against State Farm as to its liability under Policy B. At the conclusion of the trial, both policies were introduced into evidence by counsel for defendant. In his reasons for judgment the district court judge stated that the issues in the case were Mrs. Luttrell's claim for damages against State Farm, T. J. Fitts and J. T. Fitts and her contention that she is entitled to interest on the $20,000.00 deposited by State Farm and interest on any excess judgment. There is no mention of the issue as to coverage under Policy B nor is it mentioned in the judgment. In argument and brief to this court, counsel for plaintiff has not raised this issue, and, in fact, has treated State Farm's liability as being solely under Policy A. We can only conclude that plaintiff has abandoned whatever claims it may have had as to the proceeds of Policy B.
In view of the above, and since we must treat Policy A as the only policy provision in issue, it would be a strained interpretation for us now to hold that defendant is liable for interest on the sums deposited from judicial demand to date and for the amount in excess of its judgment from date of judgment. Defendant fully complied with its obligations under statutory law and with the provisions of its policy with Fitts when it initially deposited the sum into the registry of the court. Therefore, it is relieved from any further liability to plaintiffs for interest as of the date of the deposit. See Terro v. State Farm Mutual Auto. Ins. Co., 169 So.2d 417 (La. App. 3 Cir. 1964).
For the reasons assigned, the judgment of the trial court is affirmed.
Affirmed.