544 So.2d 739 (1989)
BOSTON OLD COLONY INS. CO., Plaintiff-Appellee,
v.
Dorothy FONTENOT, et al., Defendants-Appellants.
No. 88-249.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1989.
*740 Alex Andrus, Opelousas, for defendants-appellants.
Randy Kellery, Church Opint, Harvey Hall, Baton Rouge, Susan Theall, Opelousas, Gracella Simmons, Baton Rouge, for plaintiff-appellee.
Before FORET, YELVERTON and KING, JJ.
KING, Judge.
The issue presented by this appeal is the extent to which the insurer is liable for pre-judgment interest under an automobile liability insurance policy after an unconditional tender of its policy limits.
This is a concursus proceeding instituted by Boston Old Colony Insurance Company (hereinafter Boston) following a fatal accident between a vehicle driven by its insured, Paul Lonnie Thomas (hereinafter Thomas), and a second vehicle driven by John David Fontenot (hereinafter Fontenot). Both drivers died in the accident. Made defendants in the concursus proceeding were Fontenot's wife, Dorothy T. Fontenot (hereinafter defendant), and Mary Katherine LeDoux (hereinafter LeDoux), natural tutrix of Fontenot's minor children. Defendant and LeDoux, as natural tutrix of the Fontenot children, filed separate suits against Thomas and Boston claiming damages in excess of the $20,000 maximum coverage provided by Thomas' automobile liability insurance policy. Boston then instituted this concursus proceeding and unconditionally tendered its policy limits of $20,000.00 and accrued legal interest through the date of the tender.
Defendant filed a Motion For Partial Summary Judgment, contending that Boston was also obligated by statute to pay legal interest on the entire amount of any future judgment which might be rendered in her favor from date of judicial demand until paid. The trial judge denied the motion and defendant timely filed a devolutive appeal. We affirm.

FACTS
Boston issued to Thomas a policy of automobile liability insurance (hereinafter the policy) effective from July 21, 1985 to July 21, 1986. The policy provided Thomas automobile liability insurance coverage with limits in the amount of $10,000.00 per person and $20,000.00 per accident. Additionally, the supplementary payment section of the policy provides as follows with regard to payment of interest:
"In addition to our limit of liability, we will pay on behalf of the covered person:.... 3. Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage."
On March 29, 1986, Fontenot and Thomas were killed in an automobile accident which occurred in St. Landry Parish, Louisiana. Defendant was a passenger in her husband's truck and also received numerous personal injuries.
Two separate lawsuits were filed in connection with this accident. The first lawsuit, entitled Mary Katherine LeDoux (Fontenot) v. Susan L. Theall, et al, bearing Number 87-0150-D on the Docket of the Twenty-Seventh Judicial District Court, *741 was filed by Fontenot's children, through their natural tutrix, LeDoux. LeDoux asserted a claim on behalf of the Fontenot children for survival benefits and damages for the wrongful death of Fontenot, as a result of Thomas' alleged negligence.
The second suit, entitled Dorothy T. Fontenot, et al v. Boston Old Colony Insurance Company, et al, bearing Number 87-0439-B on the Docket of the Twenty-Seventh Judicial District Court, was filed by defendant to recover survival benefits and damages for the wrongful death of her husband and for damages for her personal injuries received in the accident, as a result of Thomas' alleged negligence. Both of these suits were consolidated for trial.
Boston filed a Petition of Concursus in these consolidated suits on July 7, 1987, and unconditionally tendered into the registry of the court its policy limits in the amount of $20,000.00 plus accrued legal interest through the date of its tender.
Defendant then filed a Motion For Partial Summary Judgment in the concursus proceeding, contending that there was no genuine issue of fact or of law, and that she was entitled to judgment as a matter of law on the issue of Boston's liability for interest on any judgment she might obtain. Relying on LSA-R.S. 13:4203, defendant contends that Boston is liable not only for the $20,000.00 limit of coverage under Fontenot's policy, but also for legal interest on the amount of any judgment ultimately rendered in her favor from the date of judicial demand until payment of such judgment. In the alternative, defendant contends that Boston is liable for legal interest on the amount of any judgment ultimately rendered in her favor from the date of judicial demand until tender of its policy limits in the concursus proceedings.
The Motion For Partial Summary Judgment was heard and a judgment denying the motion was rendered against the defendant. A formal decree was read and signed in open court and defendant timely appeals the judgment. Defendant alleges that the trial court erred in denying her Motion For Partial Summary Judgment.

LAW
LSA-R.S. 13:4203 provides that interest shall attach on all judgments sounding in damages "ex delicto", from date of judicial demand until paid.
Defendant argues on appeal that the contractual provision in the policy limiting Boston's obligations to pay interest accruing after judgment is in conflict with this statute and that the insurer is liable for judicial interest on the ultimate amount of any judgment rendered in her favor and against Thomas and Boston in excess of the policy limits from date of judicial demand until paid. In the alternative, defendant argues Boston is, at the very least, liable for any interest on the ultimate amount of any judgment which might be rendered in her favor from date of judicial demand until Boston filed the concursus proceeding. Boston does not deny its liability for pre-judgment interest. However, its position is that this liability for prejudgment interest is limited to the extent of its policy limit, which sum was deposited unconditionally into the registry of the trial court after judicial demand but prior to rendition of any judgment. We observe that similar supplemental payment clauses, as the one contained in the policy, have been interpreted as requiring the insurer to pay interest upon the entire amount of any judgment obtained, not just the policy limits, until the insurer has unconditionally paid, tendered, or deposited its policy limits into the registry of the court. Petry v. Richard, 532 So.2d 286 (La.App. 3 Cir. 1988), writ den., 533 So.2d 382 (La.1988), and cases cited therein. In this case Boston has made an unconditional tender of its limits, and accrued interest to date of the tender, before trial.
In Luttrell v. State Farm Mutual Automobile Ins. Co., 244 So.2d 97 (La.App. 3 Cir.1971), this court was faced with a situation analogous to the present. In Luttrell, we stated:
"In Doty v. Central Mutual Insurance Company, La.App., 186 So.2d 328, writ refused 249 La. 486, 187 So.2d 451, we held that the insurer is liable for interest on the sum up to the limits of its *742 policy from the date of judicial demand until paid and on the judgment in excess of its policy limits (under its supplementary payment agreement with the insured) from the date of judgment. This liability ceases when the insurer deposits into the court the full limits of its liability under the policy. See also Pittman v. Fowler, 191 So.2d 172 (La.App. 3 Cir. 1966).
Code of Civil Procedure Article 4652 provides a remedy whereby a casualty insurer may implead claimants for wrongful death or personal injury damages into a concursus proceeding when the insurer admits liability for the full amount of the insurance coverage and deposits this sum into the registry of the court.
* * * * * *
Under the provisions of Code of Civil Procedure of C.C.P. Article 4658, State Farm was thereby relieved of all liability to the claimants for the sum deposited and had no further claim to this amount...." Luttrell v. State Farm Mutual Automobile Ins. Co., 244 So.2d 97, at page 101 (La.App. 3 Cir.1971).
See also, Glazer v. Louisiana Trailer Sales, Inc., 313 So.2d 266 (La.App. 4 Cir. 1975), writ not considered, 318 So.2d 47 (La.1975); Orgeron v. Earl Gibbon Transport, Inc., 235 So.2d 134 (La.App. 4 Cir. 1970); Inabinet v. State Farm Automobile Insurance Co., 262 So.2d 920 (La.App. 1 Cir.1972).
In Doty, supra, at page 334, we explained that this is to prevent the insured from being prejudiced by the delay in payment of the judgment, up to the policy limits, because this delay is solely within the control of the insurer. In the present case, the supplementary payments clause is not applicable as the defendant is not being prejudiced by Boston's action. Boston unconditionally admitted liability up to the extent of its policy limits and tendered this sum into the registry of the court prior to trial, together with accrued legal interest on the policy limits to date of the tender. Boston was thereby relieved of any further liability for accrued legal interest on any ultimate judgment rendered in excess of the $20,000.00 coverage afforded under its policy. Under these circumstances, we cannot say the trial court was manifestly wrong or clearly in error in denying defendant's Motion For Partial Summary Judgment.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to defendant-appellant.
AFFIRMED.